IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MOLLY A. MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, Social Security | ) | Senior United States District Judge |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of the United States Magistrate Judge recommending that I affirm the final decision of the Commissioner of Social Security [ECF No. 20]. The R & R was filed on May 5, 2014, and Plaintiff Molly A. Mills ("Plaintiff") filed a timely Objection on May 19, 2014 [ECF No. 21]. The Commissioner offered no response within the subsequent fourteen (14) day period, and the matter is now ripe for review. *See* Fed. R. Civ. P. 72(b)(2). After careful review and consideration, and for the reasons stated below, I will **OVERRULE** Plaintiff's Objection, **ADOPT** the R & R of the Honorable Joel C. Hoppe, **DENY** Plaintiff's Motion for Summary Judgment [ECF No. 14], **GRANT** the Commissioner's Motion for Summary Judgment [ECF No. 17], and **DISMISS** this case from the active docket of the Court.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 24, 2010, Plaintiff Molly A. Mills filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). (R. at 157–62); *see* 42 U.S.C. §§ 1381–1383(f) (2014). Plaintiff was born on June 14, 1988, and is considered a "younger person" for purposes of the Act. (R. at 157); 20 C.F.R. § 416.963(c) (2014). Although

she is a college graduate, Plaintiff has no prior work history. (R. at 38, 168–73.) In her application, Plaintiff alleges that she has been disabled since birth due to a learning disability, arthritis, diabetes, and various deformities and conditions of the foot. (R. at 157, 175.) Her claim was denied initially on December 21, 2010, and again upon reconsideration on June 2, 2011. (R. at 18, 108–16.)

On May 15, 2012, Plaintiff, represented by counsel, appeared via video before Administrative Law Judge ("ALJ") Brian B. Rippel. (R. at 18.) Sandra Wells-Brown, an impartial vocational expert ("VE"), also testified at the hearing. (R. at 18, 62–78.) In a decision dated June 8, 2012, the ALJ found that Plaintiff had the following severe impairments: bilateral lower extremities impairment (degenerative joint disease of bilateral feet and flat feet syndrome status post multiple surgeries), diabetic neuropathy, chronic dislocation of the right patella, and learning disorder. (R. at 20); *see* 20 C.F.R. § 416.920(c) (2014). The ALJ found that Plaintiff did not, however, have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 20–22); *see* 20 C.F.R. §§ 416.920(d), 416.925 (2014).

After consideration of the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work within the meaning of 20 C.F.R. § 416.927(a).[1] In light of Plaintiff's age, education, work experience, and RFC, and based on the testimony of the VE, the ALJ found that Plaintiff was capable of performing jobs

---

[1] Specifically, the ALJ found that Plaintiff had the capacity to perform a range of sedentary work with only occasional climbing/stairs, balancing (at times with a hand-held device such as a cane), stooping, and crouching, and no climbing, kneeling, or crawling. The ALJ also found that Plaintiff must avoid all exposure to hazardous machinery and unprotected heights, and is limited to performing simple, routine, and repetitive tasks in a low stress work environment involving only occasional decision-making and changes in the work setting. (R. at 23–27.)

that exist in significant numbers in the national economy.[2] Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. (R. at 28.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on April 8, 2013. (R. at 1–3.)

On May 8, 2013, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner on the grounds that it was not supported by substantial evidence. (*See* Comp. [ECF No. 3]; Pl.'s Br. [ECF No. 15].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to United States Magistrate Judge Joel C. Hoppe for consideration.[3] (Order, Feb. 24, 2014 [ECF No. 19].) Plaintiff and the Commissioner filed cross-motions for summary judgment. (Pl.'s Mot. Summ. J., Nov. 11, 2013 [ECF No. 14]; Def.'s Mot. Summ. J., Dec. 16, 2013 [ECF No. 17].) On May 5, 2014, Judge Hoppe filed his Report and Recommendation, recommending that I affirm the final decision of the Commissioner. (R & R [ECF No. 20].) On May 19, 2014, Plaintiff filed a timely Objection to the R & R. (Pl.'s Obj., May 19, 2014 [ECF No. 21].) The Commissioner offered no response, and the matter is now ripe for review.

## II.     STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g) (2014); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence

---

[2] For example, the VE testified that an individual with Plaintiff's limitations would be able to perform the requirements of representative occupations such as document preparer, with 18,000 jobs nationally and 1,000 jobs in Virginia, and direct mail clerk, with 18,000 jobs nationally and 500 jobs in Virginia. (R. at 27–28, 65.)

[3] This matter was initially referred to the Honorable Robert S. Ballou, and later referred to the Honorable Joel C. Hoppe.

as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[4]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

### III. DISCUSSION

Plaintiff argues that the ALJ failed to incorporate accurately her cognitive limitations in the hypothetical that he posed to the vocational expert. (Pl.'s Obj. 2.) In particular, Plaintiff focuses on the following language from the R & R:

---

[4] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

> Indeed, the VE noted that [Plaintiff] required accommodations to gain knowledge, but developing vocational skills requires a person to gain knowledge and 'actually do[] something.' (R. 78.) While the VE's other statements are somewhat unclear, she primarily noted that [Plaintiff] has no record of employment to gauge whether she had the ability to apply knowledge to develop a vocational skill. Put another way, the VE wondered whether [Plaintiff]'s cognitive impairments would prevent her from developing vocational skills.

(*Id.* at 1–2; R & R 10–11.) According to Plaintiff, "[t]he VE emphasized that the plaintiff had no vocational history, and seemed to be stating that without a vocational history she could not determine a vocational baseline." (Pl.'s Obj. 2.) Specifically, Plaintiff argues that "[w]ithout knowing the *extent* of the hypothetical person's ability to perform '. . . simple, routine, and repetitive tasks in a low stress environment' . . . how would the VE be able to render an opinion?" (*Id.* (emphasis added)).

I note first that, at this stage of the proceedings, Plaintiff does not object to the ALJ's assessment of her RFC.[5] Instead, Plaintiff objects to the manner in which the ALJ incorporated his RFC findings into the hypothetical he posed to the VE. Plaintiff's argument, however—that the hypothetical failed to indicate the *extent* to which Plaintiff could perform "simple, routine, and repetitive tasks in a low stress environment"—is an exercise in semantics that improperly presumes an *additional* level of disability beyond the findings of the ALJ. As the Magistrate Judge found in his R & R, the ALJ's assessment of Plaintiff's RFC is an accurate reflection of the evidence in the Record. (R & R 9–10.) Although the ALJ devotes significant attention to Plaintiff's physical and cognitive limitations, there are no further limitations on her ability to

---

[5] Pursuant to Rule 72(b)(2), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2014). Plaintiff does not object to findings related to her exertional limitations, and the discussion is therefore confined to Plaintiff's nonexertional limitations. *See supra* note 1.

perform work that consists of simple, routine, and repetitive tasks beyond those outlined in his decision. (R. at 23–27.)

Based on these findings, the ALJ posed the following hypothetical to the VE: "Would those [sedentary jobs that you previously identified] be able to accommodate a limitation that the work be simple, routine, [r]epetitive?" (R. at 66.) Put simply, the ALJ's hypothesis "fit the facts," and the affirmative answer to such a hypothetical question constitutes substantial evidence to support the finding that, in light of Plaintiff's limitations, she is able to perform work that exists in significant numbers in the national economy. *Swaim v. Califano*, 599 F.2d 1309, 1312 (4th Cir. 1979).

On the other hand, Plaintiff may be arguing that a vocational expert is *never* able to offer an opinion in the absence of an employment record. (*See* Pl.'s Obj. 2.) This argument, however, is plainly foreclosed by the Regulations. The general guidelines for the evaluation of disability in adults contemplate that some claimants will "not have any past relevant work . . . ." 20 C.F.R. § 416.920(g) (2014). Moreover, if the VE were unable to offer an opinion without a vocational history to consider, a remand for additional proceedings would be fruitless.[6]

In either event, I find that the ALJ accurately incorporated Plaintiff's cognitive limitations into the hypothetical posed to the VE. After careful review and consideration, I find no clear error in the Record, and I find that substantial evidence supports the findings and conclusions of the ALJ. Accordingly, I will overrule Plaintiff's Objection and affirm the final decision of the Commissioner.

---

[6] If the lack of an employment history was a problem in and of itself, there is *no* hypothetical which the ALJ could pose to the VE in order to cure the alleged defect.

## IV. CONCLUSION

The ALJ accurately incorporated Plaintiff's cognitive limitations into the hypothetical posed to the vocational expert, and the final decision of the Commissioner is supported by substantial evidence. I have reviewed the remainder of the Record for clear error and, finding none, I will **OVERRULE** Plaintiff's Objection, **ADOPT** the R & R, **DENY** Plaintiff's Motion for Summary Judgment, **GRANT** the Commissioner's Motion for Summary Judgment, and **DISMISS** this case from the active docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 12th day of June, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE